UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:03-cr-0135 (B/F) |
| | ) | |
| JAIME M. GWINN, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on December 7, 2010, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on December 7, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held December 21, 2010 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Gwinn appeared in person with his appointed counsel, Bill Dazey. The government appeared by Melanie Conour, Assistant United States Attorney. U. S. Parole and Probation appeared by Mark McCleese, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Bill Dazey, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Gwinn in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Gwinn and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Gwinn was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Gwinn was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Gwinn was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Gwinn had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation.

7. Mr. Dazey stated that Mr. Gwinn would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Gwinn executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Gwinn, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| | On December 2, 2010, Mr. Gwinn was arrested and charged with Operating a Vehicle While Intoxicated, Class B Misdemeanor, Public Intoxication, Class B misdemeanor, and Operating a Vehicle with BAC .05.-15%, Class C Misdemeanor. This case remains pending in Marion County, IN, under cause number 49F07-1012-CM-090129. Documents regarding this arrest have been requested but not yet received. |
| 2 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 3 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 4 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered."** |
| | On May 5, 2009, Mr. Gwinn submitted a urine sample which tested positive for cocaine (see petition dated August 11, 2009). Furthermore, the offender's arrest on December 2, 2010, for Operating a Vehicle While Intoxicated, Public Intoxication, and Operating a Vehicle with BAC .05-.15%, indicates he has used alcohol excessively. |
| 2 | **"The defendant shall participate in a program of testing for substance abuse and shall pay a portion of the fees of testing as directed by the probation officer."** |
| | The offender failed to report for a urine screen on July 21, 2010. The offender submitted dilute urine screens on August 21, 2010, and August 26, 2010. |

| | |
|---|---|
| **5** | **"The defendant shall report to the probation office and shall submit a truthful and complete written report within the first five days of each month."** |

        Monthly supervision reports that were due on October 5, November 5, and December 5, 2010, ere not submitted until December 6, 2010.

| | |
|---|---|
| **6** | **"The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.** |

        Mr. Gwinn has been unemployed since November 24, 2010.

| | |
|---|---|
| 7 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |

        Mr. Gwinn has been unemployed since November 24, 2010, and did not communicate that he was unemployed to the probation officer until December 6, 2010.

Counsel for the parties stipulated the following:

      (1) Mr. Gwinn and the government agreed they were ready to proceed to disposition on the pending Petition to revoke supervised release in open Court this date.

      (2) Mr. Gwinn admitted he committed the violations of specifications set forth in the Petition to Revoke Supervised Release stated above.

      (3) Mr. Gwinn has a relevant criminal history category of I. *See*, U.S.S.G. §7B1.4(a).

      (4) The most serious grade of violation committed by Mr. Gwinn constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

      (5) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release the range of imprisonment applicable to Mr. Gwinn is 4-10 months.

      (6) The parties agreed on the appropriate disposition of the case as follows:

(a) The defendant be sentenced to a period of confinement of one day, and the Court finds the one day of incarceration has been served this date.

(b) After service of the one-day incarceration, the defendant will serve two years of supervised release, the first three months of which he will be subject to home electronic monitoring. His supervised release will be under the same conditions imposed at sentencing.

(c) As a new condition of supervised release, defendant will not consume any alcoholic beverages.

(d) If not a current condition of defendant's supervised release, he will undergo appropriate alcohol and drug treatment and/or counseling, at the discretion of the United States Parole and Probation Office.

(e) If not already a condition of his supervised release, defendant will be subject to search of his person, residence and vehicle by the United States Parole and Probation Office.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

9. The Court then placed Mr. Gwinn under oath and inquired directly of him whether he admitted committing the violations of supervised release contained in the Petition. Mr. Gwinn admitted the violations.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Jaime M. Gwinn, violated the above-delineated conditions in the Petition.

Mr. Gwinn's supervised release is therefore **REVOKED** and he is sentenced to one-day incarceration, which the Court finds the defendant has already served; after service of the one-day incarceration, the defendant will serve two years of supervised release, the first three months of which he will be subject to home electronic monitoring His supervised release will be under the same conditions imposed at sentencing; as a new condition of supervised release, defendant will not consume any alcoholic beverages; if not a current condition of defendant's supervised release, he will undergo appropriate alcohol and drug treatment and/or counseling, at the discretion of the United States Parole and Probation Office; if not already a condition of his supervised release, defendant will be subject to search of his person, residence and vehicle by the United States Parole and Probation Office.

The Magistrate Judge requests that Mark McCleese, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Gwinn stipulated in open Court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. You shall have within 14 days after being served a copy of this Report

and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Gwinn's supervised release.

**IT IS SO RECOMMENDED** this 21st day of December, 2010.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Melanie Conour,
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Bill Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal